IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:24-CT-3019-M-RJ

| | |
|---|---|
| ANDRE EUGENE LESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JACQUELINE K. ROWE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state inmate proceeding pro se, commenced the instant civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2)(B), this matter is before the court for initial review of plaintiff's complaint. Also before the court are plaintiff's motions for discovery [D.E. 14], and for counsel and for ruling [D.E. 15].

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies before filing a §1983 complaint. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."); Booth v. Churner, 532 U.S. 731, 741 (2001) (noting that exhaustion is required "regardless of the relief offered through administrative procedures."). Failure to exhaust administrative remedies is an affirmative defense that a defendant generally must plead and prove. See Jones, 549 U.S. at 216; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, "[a] court may sua sponte dismiss" an action where the plaintiff's failure to exhaust administrative remedies is apparent on

the face of the complaint. Custis, 851 F.3d at 361 (citing Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005)). Plaintiff acknowledges he has not exhausted his administrative remedies through step three of the inmate grievance resolution procedures as required before filing suit. (Compl. [D.E. 1] at 11); see also DAC, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://public.powerdms.com/NCDAC/tree/documents/2145373; see also Moore, 517 F.3d at 721 (describing policy).[1]

## CONCLUSION

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE. Plaintiff's motions for discovery [D.E. 14], and for counsel and for ruling [D.E. 15] are DENIED AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this the 16th day of April, 2025.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

---

[1] The ARP is a publicly available governmental record, the authentication of which is not questioned by the parties. Accordingly, the court may take judicial notice of the policy in its initial review of the complaint. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Fauconier v. Clarke, 652 F. App'x 217, 220 n.4 (4th Cir. 2016).

2