ANDRE EUGENE LESTER #1688609

BERTIE CORRECTIONAL INSTITUTION

POST OFFICE BOX 129

WINDSOR, NORTH CAROLINA 27983

FILED
NOV 10 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

11/3/25

RE: LESTER V. ROWE, et al., 5:24-CT-03019-M-RJ

DEAR JUDGE MYERS II,

ON APRIL 16, 2025, THIS COURT HAS ENTERED JUDGMENT TO DISMISS PLAINTIFF ANDRE EUGENE LESTER'S CLAIM AGAINST DEFENDANT JACQUELINE K. ROWE, et al., NO. 5:24-CT-03019-M-RJ, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE PROCEDURE. THEREIN, PLAINTIFF LESTER FILED TWO(2) CONSECUTIVE CORRESPONDENCES ON APRIL 21, 2025 AND AUGUST 18, 2025, IN REFERENCE TO THE DISPUTE WITH "FAILURE TO EXHAUST". AS PLAINTIFF LESTER HAS DISCLOSED IN THE FORMER CORRESPONDENCES, THE [GRIEVANCE] HAS EXHAUST TO THE (STEP-TWO) PROCEDURE, WITH THE EXPECTATION TO COMMENCE WITH A [BILATERAL] X-RAY AT CENTRAL PRISON (HOSPITAL) - PRESERVED BY THE REMEDY. HOWEVER, OVER THE COURSE OF TIME IN EXPECTATION, WEEKS BECAME MONTHS, AS MONTHS BECAME YEARS, ULTIMATELY BEING WITHHELD INADEQUATE MEDICAL CARE; TREATMENT BY BOTH DEFENDANT ROWE AND DEFENDANT IGNATIUS N. MBUA. THIS COURT HAS SUBJECTED THE PLAINTIFF TO BURDEN THE (ARP). YET, "OUT OF GOOD-FAITH", PLAINTIFF LESTER DID EXHAUST THE ADMINISTRATIVE REMEDY AVAILABLE, TO THE BEST ABILITY. FOR ANY FURTHER FILING HAS NOT ONLY REACHED A DEADEND, BUT, ULTIMATELY, HAS CAUSED FOR COURT INTERVENTION. IN WHICH, THIS CIVIL ACTION HAS BEEN TAKEN. (SEE ABNEY V. MCGINNIS, 380 F.3D 663, 669 (2ND CIR. 2004). ON APRIL 16, 2025, THIS COURT HAS DICTATED THAT THE "FAILURE TO

EXHAUST", IS AN AFFIRMATIVE DEFENSE THAT THE DEFENDANT GENERALLY MUST PLEAD AND PROVE, (SEE JONES, 549 U.S. AT 216; WILCOX V. BROWN, 877 F.3D 161, 167 (4TH CIR. 2017); CURTIS V. DAVIS, 851 F.3D 358, 361 (4TH CIR. 2017). HOWEVER, THIS COURT HAS REDRESS THAT THE COURT MAY SUA SPONTE DISMISS AN ACTION WHERE THE PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES IS APPARENT ON THE FACE OF THE COMPLAINT. (SEE CURTIS, 851 F.3D AT 361 (CITING ANDERSON V. XYZ CORR. HEALTH SERVS., INC., 407 F.3D 674, 682 (4TH CIR. 2005). THEREIN, THIS COURT HAS REFERRED TO (DAC) POLICY & PROCEDURE MANUAL, SUBCHAPTER G SECTION .0300, SECTION .0307 (TIME LIMITS)(C) STATES: "IF, AT ANY STEP OF THE PROCEDURE, A RESPONSE IS NOT MADE WITHIN THE PRESCRIBED TIME LIMITS AND THERE HAS BEEN NO EXTENSION OF TIME TO ISSUE AN APPROPRIATE RESPONSE, THE GRIEVANCE MAY BE FORWARDED TO THE NEXT STEP FOR REVIEW, WHILE THE GRIEVANCE BOARD AT (STEP-3), DID NOT TAKE ANY FURTHER ACTIONS IN THE (ARP) REMEDY, SECTION .0301 (PURPOSE)(D) STATES: "THE ARP SHALL AFFORD A SUCCESSFUL GRIEVANT A MEANINGFUL REMEDY TO INCLUDE BUT NOT BE LIMITED TO, AN ORDER REQUIRING THAT SPECIFIC ACTION BE TAKEN, MODIFICATION OF DOI POLICY, RESTORATION OR RESTITUTION FOR PERSONAL PROPERTY, AND SUCH OTHER REMEDIES THAT WILL MEANINGFULLY RESOLVE THE GRIEVANCE PRESENTED. IN SUM, BOTH PARTIES RESOLVED THE (ARP) GRIEVANCE THROUGH THE VENUE OF THE (STEP-TWO) REMEDY. (SEE GRIEVANCE NO.: 3980-2022-CUA2-18821 AT STEP TWO - AREA/COMPLEX/INSTITUTION RESPONSE), FOR THERE WAS NO DIRE NEED TO EXHAUST THE GRIEVANCE AS THE GRIEVANCE HAS COMMENSE WITH NO FURTHER ACTION. YET, THIS COURT HAS DISMISSED THE PLAINTIFF'S CLAIM, SOLELY ON THE FACE OF THE COMPLAINT WITHOUT ALLOWING THE MATTER TO BE HEARD BEFORE THE COURT, JURY. (SEE ABBAS V. DIXON, 480 F.3D 636 (2ND CIR. 2007). AS A WHOLE, THIS COURT HAS GENERALLY DISMISSED PLAINTIFF LESTER'S CLAIM, WITHOUT PREJUDICE. THERE IS MERITS TO REVIEW WITH WHICH DOES NOT HAVE TO BE REDRESS VIA APPEAL, WHILE THE PLAINTIFF HAS BEEN AWAITING A RESPONSE "OUT OF GOOD FAITH", THIS COURT HAS BEEN PREJUDICE IN PROVIDING A CORRESPONDENCE TO THE PLAINTIFF-PARTY IN THE MATTER. HEREIN, PLAINTIFF ANDRE EUGENE LESTER, NOW COMES WITH A (THIRD) REQUEST TO REOPEN THIS CLAIM FOR FURTHER REVIEW, WITHOUT PREJUDICE. IN RECEIPT OF THIS CORRESPONDENCE, MAY THE APPROPRIATE PERSONNEL REPLY AT THE EARLIEST DISCRETION, WITHOUT PREJUDICE.

DATED: NOVEMBER 11, 2025

RESPECTFULLY SUBMITTED,
ANDRE EUGENE LESTER #1688609
BERTIE CORRECTIONAL INSTITUTION
POST OFFICE BOX 129
WINDSOR, NORTH CAROLINA 27983

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TO BE THE TRUTH AND CORRECT.

*/s/ Andre E. Lester*
ANDRE E. LESTER

EXECUTED AT WINDSOR, NORTH CAROLINA
ON NOVEMBER 11, 2025